**Willie STATEN, Petitioner-Appellee,**

v.

**STATE OF ALABAMA,
Respondent-Appellant.**

No. 78–1205
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 14, 1978.

William J. Baxley, Atty. Gen., James S. Ward, Edward E. Carnes, Asst. Attys. Gen., Montgomery, Ala., for respondent-appellant.

Willie Staten, pro se.

Before RONEY, GEE and FAY, Circuit Judges.

RONEY, Circuit Judge:

Finding that habeas corpus petitioner Willie Staten was denied effective assist-

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

ance of counsel on direct appeal on the basis of his court-appointed appellate counsel's "no merit" letter in violation of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the district court granted a writ of habeas corpus, subject to the right of the State of Alabama to provide petitioner with effective appellate counsel or to retry the petitioner within 180 days. A review of the record reveals that this issue had never been presented to an Alabama state court. We therefore reverse the grant of the petition for writ of habeas corpus, and remand to the district court to dismiss the complaint for failure to exhaust state remedies, as required by 28 U.S.C.A. § 2254.

Petitioner was convicted in Alabama in 1975 for sale of heroin. On appeal, petitioner's counsel submitted what the Alabama Court of Criminal Appeals called a "no merit" letter. Without reference to *Anders v. California, supra,* the court affirmed the judgment "in view of our research and this no merit letter."

Staten first filed a habeas corpus petition in the United States District Court for the Northern District of Alabama on November 29, 1976. He listed several grounds for relief, with allegations ranging from false testimony at trial to denial of a probation hearing. He did not allege that he had been denied effective assistance of counsel on appeal, nor did he mention or allude to the fact that a "no merit" letter had been filed by his counsel. In his petition he alleged that he had filed a petition for writ of error coram nobis in the state court raising 19 grounds for relief, all relating to errors committed during the trial, pretrial, and sentencing, but none relating to effective assistance of counsel on appeal. On this first petition, the district court found that the petition for writ of error coram nobis had not, in fact, been filed with the state court, and denied the petition on the ground that petitioner had failed to exhaust his state remedies.

On January 14, 1977, Staten filed a coram nobis petition in the state trial court, which petition was almost identical to the one he had previously claimed to have filed. Again 19 different grounds were alleged, none concerned his direct appeal. The state court, after an evidentiary hearing, denied the petition, relating the matters which were presented to it, none of which involved a defect in the appeal, and stated that "no other matters were presented or argued to the court."

Thereafter, on July 25, 1977, Staten filed his second petition for writ of habeas corpus in the United States District Court. It is this second petition which is the subject of this appeal.

In his petition Staten pointed out for the first time that no brief had been filed in his direct appeal, and he raised the issue of whether he had been denied the effective assistance of counsel. The district court noted that petitioner had attempted to raise the effective appellate counsel argument in the petition for writ of error coram nobis, which the State seemed to accede to at the time in a response to a prior order of the magistrate. Although the response by the State's counsel may well have misled the district court, a review of the petition and state proceedings reveals that no attempt was made to raise that issue.

On this appeal, the State forcefully argues that the issues presented by this habeas corpus petition have not been presented to the state court. Specifically, on the effective assistance of counsel issue, the State argues first, that *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), is not applicable to direct appeal in criminal cases in Alabama because the Alabama Code places on the courts in Alabama the affirmative duty of searching the record for error in every criminal case on direct appeal. It argues that an appellant's rights are thus protected in a vigorous fashion, so that indigent appellants are insulated from ineffective assistance of counsel on Alabama appeals. Second, the State argues that the "no merit" letter filed by counsel in Staten's appeal satisfied the *Anders* requirement, no brief, in the formal sense, being required.

We express no opinion on either one of these issues, neither of which was addressed by the United States District Court. Before a federal court can address these issues, they must first be presented to a state court, if there is an effective state remedy available. Alabama has an available state remedy by way of a petition for writ of error coram nobis. Having failed to include the *Anders* issue of effective appellate counsel in his initial petition for writ of error coram nobis and the issue not having been asserted or considered on direct appeal, his complaint should have been dismissed for failure to exhaust state remedies.

REVERSED AND REMANDED.